IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIPLEY DO-NUT FLOUR AND SUPPLY COMPANY, INC., and SHIPLEY FRANCHISE COMPANY § § § § | | |
| Plaintiffs § | **CIVIL ACTION NO. _____** | |
| § | | |
| v. § | **JURY DEMANDED** | |
| § | | |
| PANDA RESTAURANT GROUP, INC. § § | | |
| Defendant. § | | |

## ORIGINAL COMPLAINT

SHIPLEY DO-NUT FLOUR AND SUPPLY COMPANY, INC. ("Shipley Flour & Supply") and SHIPLEY FRANCHISE COMPANY ("Shipley Franchise") (collectively "Plaintiffs"), file this Complaint against Defendant, PANDA RESTAURANT GROUP, INC. ("PRG" or "Defendant"). In support thereof, Plaintiffs allege as follows:

### I.   PARTIES

1. Plaintiff Shipley Flour & Supply is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 5200 North Main Street, Houston, Texas 77009.

2. Plaintiff Shipley Franchise is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 5200 North Main Street, Houston, Texas 77009.

3. Defendant PRG is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1683 Walnut Grove Avenue, Rosemead,

California 91770.  PRG can be served with process through its registered agent:  Monte H. Baier, 1683 Walnut Grove Avenue, Rosemead, California 91770.

## II. JURISDICTION AND VENUE

4. This is an action for: trademark infringement, unfair competition, and dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"), including 15 U.S.C. §§ 1114, 1125; dilution under the Texas Business and Commerce Code; and trademark infringement and unfair competition under Texas common law.

5. This Court has original jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121, 1125 and 28 U.S.C. §§ 1331, 1338 for claims arising under the Lanham Act.

6. This Court has supplemental subject matter jurisdiction over Plaintiffs' state law claims for dilution, trademark infringement, and unfair competition pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the Lanham Act claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Within this judicial district, PRG has been and is engaged in marketing, advertising, distributing, offering to sell and selling its products in a manner that infringes Plaintiffs' trademarks, and constitutes unfair competition and dilution.  For at least this reason, PRG is subject to personal jurisdiction of this Court.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (d) because PRG resides in this judicial district and/or because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this judicial district.

### III.   THE SHIPLEY TRADEMARKS

9. For more than 75 years, Plaintiffs Shipley Flour & Supply and Shipley Franchise have owned, operated and/or franchised Shipley Do-Nut shops that serve hot do-nuts that are freshly made throughout the day.  Plaintiffs' famous do-nuts, pastries, and kolaches have become so popular that the business has grown from a single location in Houston, Texas to over 250 franchised Shipley Do-Nut shops throughout the South Central United States.  Today, there are more than 90 Shipley Do-Nut shops operating in the Houston area alone.

10. Keys to the Plaintiffs' success include the Shipley commitment to the use of high quality ingredients and recipes, the use of menus and paper goods that are consistent from store to store, and the application of high standards in qualifying and training operators.   In Plaintiffs' efforts to maintain consistent and high quality products, Shipley Flour & Supply is the exclusive provider of many of the basic ingredients used in making the Shipley products, including specially prepared do-nut mix, fillings and icings that are used by all of the Shipley Do-Nut shops.  Authorized Shipley Do-Nut franchisees use bakery equipment of the highest quality and are provided comprehensive ongoing support to ensure that the food products served at Shipley Do-Nut shops are of excellent quality and that excellent customer service is consistently supplied.

11. Shipley Flour & Supply began using the word mark SHIPLEY in connection with do-nuts and related food products at least as early as March of 1937.  On July 15, 1969, the United States Patent and Trademark Office ("USPTO") issued to Shipley Flour & Supply United States Trademark Registration No. 873,147 for the word mark SHIPLEY as used in connection with doughnuts, pastries, turnovers, cream-filled bakery bars, cinnamon rolls, eclairs, fillings of chocolate and cream nature for bakery products, flour, and doughnut and pastry icings.  Shipley

Flour & Supply has owned and, through its licensees, has used the word mark SHIPLEY continuously since registration on the principal register. Shipley Flour & Supply has renewed the registration for the SHIPLEY word mark, paid all associated fees, and, pursuant to 15 U.S.C. § 1065, the registration has become incontestable.

12. Shipley Flour & Supply began using the stylized mark SHIPLEY DO-NUTS in connection with do-nuts and related food products at least as early as March of 1937. The stylized SHIPLEY DO-NUTS mark is shown below:



13. On July 15, 1969, the USPTO issued to Shipley Flour & Supply United States Trademark Registration No. 873,148 for the stylized mark SHIPLEY DO-NUTS as used in connection with doughnuts, pastries, turnovers, cream-filled bakery bars, cinnamon rolls, eclairs, fillings of chocolate and cream nature for bakery products, flour, and doughnut and pastry icings. Shipley Flour & Supply has owned and, through its licensees, has used the stylized SHIPLEY DO-NUTS mark continuously since registration on the principal register. Shipley Flour & Supply has renewed the registration for the stylized SHIPLEY DO-NUTS mark, paid all associated fees, and, pursuant to 15 U.S.C. § 1065, the registration has become incontestable.

14. Shipley Flour & Supply began using the word mark MAKE LIFE DELICIOUS in connection with do-nuts and related food products at least as early as May of 2007. On October 23, 2007, the USPTO issued to Shipley Flour & Supply United States Trademark Registration No. 3,321,574 for the word mark MAKE LIFE DELICIOUS as used in connection with doughnuts, pastries, turnovers, cream-filled bakery bars, cinnamon rolls, eclairs, fillings of

chocolate and cream nature for bakery products, flour, and doughnut and pastry icings. Shipley Flour & Supply has owned and, through its licensees, has used the word mark MAKE LIFE DELICIOUS continuously since at least as early as May 2007. Shipley Flour & Supply has renewed the registration for the MAKE LIFE DELICIOUS word mark, paid all associated fees, and, pursuant to 15 U.S.C. § 1065, the registration has become incontestable.

15. Beginning on about June 2007, Plaintiffs adopted and began using the following stylized marks incorporating MAKE LIFE DELICIOUS in connection with do-nuts and related food products:

   

Since their adoption, the above-identified stylized MAKE LIFE DELICIOUS marks have been used continuously by Plaintiffs and their licensees in connection with doughnuts, pastries, turnovers, cream-filled bakery bars, cinnamon rolls, eclairs, fillings of chocolate and cream nature for bakery products, flour, and doughnut and pastry icings. Shipley Flour & Supply has owned and, through its licensees, has used stylized MAKE LIFE DELICIOUS marks continuously since their adoption.

16. Shipley Flour & Supply has licensed Shipley Franchise to use the MAKE LIFE DELICIOUS word mark and the MAKE LIFE DELICIOUS stylized marks (collectively, the Shipley Trademarks) in the operation and franchising of Shipley Do-Nut shops. In turn, and with the authorization and license of Shipley Flour & Supply, Shipley Franchise has licensed the

Shipley Trademarks to Shipley franchisees for their use in the advertising, marketing and sale of Shipley food products. During this period, Shipley Flour & Supply has preserved all good will in the Shipley Trademarks by ensuring strict quality control and supervision over all uses of the Shipley Trademarks. By their efforts, Shipley Flour & Supply and Shipley Franchise have maintained continuous and exclusive use of the Shipley Trademarks and preserved all goodwill associated therewith.

17. As a result of Plaintiffs' extensive advertising, sales, and close quality control, the Shipley Trademarks have become well known and famous as an indication of quality products and services that emanate from a single source. The Shipley Trademarks have become important assets of substantial value as symbols of Plaintiffs' identities and their longstanding business activities.

18. The goodwill embodied in the Shipley Trademarks, and consequently Plaintiffs' valuable reputation and credibility in the food industry and among consumers, depends on the integrity of the Shipley Trademark as identification exclusively of Plaintiffs, and not of any other source.

## IV.   PRG'S UNLAWFUL ACTIVITIES

19. PRG sells food products, and advertises those products as being "served fast and hot." PRG sells it food products from shopping centers, malls, strip centers and freestanding locations to members of the public desiring fast food. PRG promotes itself as being a "pioneer in the quick service" food market. As such, PRG markets to and serves the same customer base that is served by Plaintiffs.

20. Plaintiffs have recently become aware that PRG has begun to use MAKE LIFE DELICIOUS as a trademark in marketing its food products in interstate and intrastate commerce.

A screen shot of an online advertisement accessible from the home page of PRG's Panda Express web site (http://www.pandaexpress.com/) is shown below:



21.     Plaintiffs also recently became aware of PRG's trademark application, Serial number 85,868,768, in which PRG applied for a Federal Registration for the word mark MAKE LIFE DELICIOUS, shown below:

PANDA EXPRESS MAKE LIFE DELICIOUS

22.     Plaintiffs also recently became aware of PRG's trademark application, Serial number 85,871,616, using a stylized version of MAKE LIFE DELICIOUS, shown below:



23. Upon information and belief, before PRG began using MAKE LIFE DELICIOUS as a trademark in its advertising to promote its products, PRG knew that Plaintiffs used MAKE LIFE DELICIOUS as a trademark to promote Plaintiffs' products.

24. Upon information and belief, PRG has performed the acts identified above with wrongful purpose and knowledge of the Shipley Trademarks to inappropriately trade upon Plaintiffs' extensive goodwill.

25. The Shipley Trademarks were first used in the State of Texas and elsewhere in the United States long before PRG first used MAKE LIFE DELICIOUS in its product marketing and advertising to promote PRG's food products anywhere in the United States.

26. The Shipley Trademarks were first used in interstate commerce in the United States long before PRG first used MAKE LIFE DELICIOUS in its product marketing and advertising to promote PRG's food products in interstate commerce.

27. The Shipley Trademarks have priority over PRG's use of MAKE LIFE DELICIOUS as a product identifier in the State of Texas and throughout the United States.

## V. EFFECT OF PRG'S UNLAWFUL ACTIVITIES

28. PRG's unauthorized use of the Shipley Trademarks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties into believing that PRG's goods and services are associated with Plaintiffs or are sponsored, endorsed or approved by Plaintiffs, and/or that there exists at least some affiliation, connection or association of PRG with Plaintiffs.

29. PRG's unauthorized use of the Shipley Trademarks by PRG falsely designates the source or sponsorship of PRG's products and services, and falsely and misleadingly describes and represents facts with respect to PRG and its products and services.

30. PRG's unauthorized use of the Shipley's Trademarks enables PRG to trade on and receive the benefit of goodwill built up at great labor and expense by Shipley Flour & Supply and Shipley Franchise over many years, and to gain acceptance for PRG's products and services not solely on their own merits, but on the reputation and goodwill of the Shipley Trademarks, products, and services.

31. PRG's unauthorized use of the Shipley Trademarks is likely to dilute the distinctiveness of the Shipley Trademarks.

32. Unless these acts of PRG are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiffs and to the public for which there is no adequate remedy at law.

## COUNT ONE
## TRADEMARK INFRINGEMENT UNDER FEDERAL LAW—15 U.S.C. § 1114

33. Shipley Flour & Supply and Shipley Franchise repeat and re-allege the allegations above, as if fully set forth herein.

34. PRG's acts complained of above constitute infringement of Shipley Flour & Supply's and Shipley Franchise's federal-registered trademarks and are in violation of 15 U.S.C. § 1114.

35. The acts of PRG complained of above are calculated to and will deceive the relevant consuming public into accepting and purchasing PRG's goods and services in the mistaken belief that they are sponsored by or endorsed, connected or affiliated with, or supplied under the supervision or with the approval of Plaintiffs.

36. As a result of PRG's acts, Plaintiffs have already suffered damage and will continue to suffer damage, while PRG profits at Plaintiffs' expense. PRG's activities entitle Plaintiffs to PRG's profits and to damages for such acts of infringement.

37. Unless PRG is enjoined, Plaintiffs have no complete and adequate remedy at law and will be irreparably harmed.

38. Upon information and belief, PRG's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiffs' rights and with intent to cause confusion, dilution, and to trade off Plaintiffs' vast good will in its registered trademarks, making this an exceptional case and entitling Plaintiffs to enhanced damages and attorney's fees under 15 U.S.C. § 1117.

## COUNT TWO
## UNFAIR COMPETITION UNDER FEDERAL LAW—15 U.S.C. § 1125(a)

39. Shipley Flour & Supply and Shipley Franchise repeat and re-allege the allegations above, as if fully set forth herein.

40. The acts of PRG complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. The acts of PRG complained of above are calculated to and will deceive the relevant consuming public into accepting and purchasing PRG's goods and services in the mistaken belief that they are sponsored or endorsed by, connected or affiliated with, or supplied under the supervision or with the approval of Plaintiffs.

42. As a result of PRG's acts, Plaintiffs have already suffered damage and will continue to suffer damage, while PRG profits at Plaintiffs' expense. PRG's activities entitle Plaintiffs to PRG's profits and to damages for such acts of unfair competition.

43. Unless PRG is enjoined, Plaintiffs have no complete and adequate remedy at law and will be irreparably harmed.

44. Upon information and belief, PRG's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and

conscious disregard of Plaintiffs' rights and with intent to cause confusion, dilution, and to trade off Plaintiffs' vast goodwill in its trademarks, making this an exceptional case and entitling Plaintiffs' to enhanced damages and attorney's fees under 15 U.S.C. § 1117.

## COUNT THREE
## DILUTION UNDER FEDERAL LAW—15 U.S.C. § 1125(c)

45. Shipley Flour & Supply and Shipley Franchise repeat and re-allege the allegations above, as if fully set forth herein.

46. The Shipley Trademarks are famous and distinctive. PRG adopted its marks employing "MAKE LIFE DELICIOUS" at a time after the Shipley Trademarks have become famous and distinctive, and PRG has diluted and/or harmed the value of Plaintiffs' famous trademarks.

47. PRG's acts complained of above constitute dilution of Plaintiffs' Shipley Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. As a result of PRG's acts, Plaintiffs have already suffered damage and will continue to suffer damage, while PRG profits at Plaintiffs' expense. PRG's activities entitle Plaintiffs to PRG's profits and to damages for such dilution.

49. Unless PRG is enjoined, Plaintiffs have no complete and adequate remedy at law and will be irreparably harmed.

50. Upon information and belief, PRG's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiffs' rights and with intent to cause confusion, dilution, and to trade off Plaintiffs' vast goodwill in the Shipley Trademarks, making this an exceptional case and entitling Plaintiffs to enhanced damages and attorney's fees under 15 U.S.C. § 1117.

## COUNT FOUR
## <u>DILUTION UNDER TEXAS LAW—TEX. BUS. & COMM. CODE § 16.29</u>

51. Shipley Flour & Supply and Shipley Franchise repeat and re-allege the allegations above, as if fully set forth herein.

52. PRG's acts complained of above constitute dilution of Plaintiffs' Shipley Trademarks and an injure Plaintiffs' business reputation in violation of § 16.29 of the Texas Bus. & Comm. Code.

53. PRG's conduct has injured, or is likely to injure, Plaintiffs; business reputation and/or has diluted, or is likely to dilute, the distinctive quality of the Shipley Trademarks, entitling Plaintiffs' at least to an injunction. Specifically, PRG's use of MAKE LIFE DELICIOUS in its advertising, marketing materials and/or packaging is likely to injure Plaintiffs' business reputation or likely to dilute Plaintiffs' Shipley Trademarks, regardless of whether there is competition between Plaintiffs and PRG or confusion as to the source of the parties' goods or services.

54. As a result of PRG's acts, Plaintiffs have already suffered damage and will continue to suffer damage, while PRG profits at Plaintiffs' expense.  PRG's activities entitle Plaintiffs' to PRG's profits and to damages for such dilution.

55. Unless PRG is enjoined, Plaintiffs have no complete and adequate remedy at law and will be irreparably harmed.

56. Upon information and belief, PRG's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiffs' rights and with intent to cause confusion, dilution, and to trade off Plaintiffs' vast good will in the Shipley Trademarks, making this an exceptional case and entitling Plaintiffs' to an award of exemplary damages and attorney's fees at least as provided under Texas Civil Practice and Remedies Code § 41.003.

## COUNT FIVE
## COMMON LAW TRADEMARK INFRINGEMENT

57. Shipley Flour & Supply and Shipley Franchise repeat and re-allege the allegations above, as if fully set forth herein.

58. PRG's acts complained of above complained of above are likely to cause confusion or mistake or to deceive the relevant consuming public into accepting and purchasing PRG's goods and services in the mistaken belief that they are sponsored by or endorsed, connected or affiliated with, or supplied under the supervision or with the approval of Plaintiffs. Such acts constitute trademark infringement in violation of the common law of the state of Texas.

59. As a result of PRG's acts, Plaintiffs have already suffered damage and will continue to suffer damage, while PRG profits at Plaintiffs' expense.  PRG's activities entitle Plaintiffs to PRG's profits and to damages for such infringement.

60. Unless PRG is enjoined, Plaintiffs have no complete and adequate remedy at law and will be irreparably harmed.

61. Upon information and belief, PRG's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiffs' rights and with intent to cause confusion, dilution, and to trade off Plaintiffs' vast good will in its Shipley Trademarks, making this an exceptional case and entitling Plaintiffs to enhanced damages and attorney's fees at least as provided under Texas Civil Practices & Remedies Code § 41.003.

## COUNT SIX
## COMMON LAW UNFAIR COMPETITION

62. Shipley Flour & Supply and Shipley Franchise repeat and re-allege the allegations above, as if fully set forth herein.

63. The acts of PRG complained of above constitute unfair competition in violation of the common law of the State of Texas.

64. The acts of PRG complained of above are calculated to and will deceive the relevant consuming public into accepting and purchasing PRG's goods and services in the mistaken belief that they are sponsored by, connected with, or supplied under the supervision of Plaintiffs.

65. PRG's adoption and use of MAKE LIFE DELICIOUS in its product advertising and marketing materials to promote PRG's food products constitutes unfair competition. By such use, PRG has represented that its goods are sponsored by and connected with Plaintiffs. This use creates a likelihood that the public will be confused or deceived.

66. PRG's actions constitute dilution, unfair competition, palming off, unjust enrichment and misappropriation of Plaintiffs' rights under Tex. Bus. & Comm. Code, § 16.29 and the common law of the State of Texas. Such acts permit, and will continue to permit, PRG to use and benefit from the goodwill and reputation previously earned by Plaintiffs.

67. As a result of PRG's acts, Plaintiffs have already suffered damage and will continue to suffer damage, while PRG profits at Plaintiffs' expense. PRG's activities entitle Plaintiffs' to PRG's profits and to damages for such acts of unfair competition.

68. Unless PRG is enjoined, Plaintiffs have no complete and adequate remedy at law and will be irreparably harmed.

69. Upon information and belief, PRG's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiff's rights and with intent to cause confusion, dilution, and to trade

off Plaintiffs' vast good will in the Shipley Trademarks, making this an exceptional case and entitling Plaintiffs' to enhanced damages and attorney's fees.

## JURY DEMAND

70. Shipley Flour & Supply and Shipley Franchise demand a trial by jury on all issues triable by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Shipley Flour & Supply and Shipley Franchise pray for an order and judgment that:

A. PRG and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys and all persons acting in active concert or participation with any of them be preliminarily and permanently enjoined from:

i. Using in its advertising and marketing materials, products or packaging "MAKE LIFE DELICIOUS" or any mark confusingly similar in the United States;

ii. Committing any acts likely to cause the public to believe that any of PRG's products and services are authorized by, sponsored by, or in any way associated or affiliated with Plaintiffs, in whole or in part;

iii. Otherwise competing unfairly with Plaintiffs in any manner, including but not limited to, using a false designation of origin or false representations, which misrepresent the nature, characteristics or qualities, source or origin of PRG's products or other commercial activities; and/or,

iv. Attempting, causing, or assisting any of the above-described acts.

B. PRG be ordered to take all steps necessary to remove all references to MAKE LIFE DELICIOUS from all menus, signs, marketing and advertising materials (including electronic) and

to destroy all paper marketing and advertising materials, such steps including obtaining and destroying all such product held or inventoried by distributors and/or franchises.

C. PRG be ordered to take all steps necessary to destroy all materials that bear the mark MAKE LIFE DELICIOUS and all means of making same.

D. PRG be ordered to file with the Court and serve on counsel for Plaintiffs within fourteen (14) days after entry of any injunction issued in this action, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which PRG has complied with the injunction;

E. PRG be ordered to pay all damages Plaintiffs have sustained as a result of PRG's activities, and that the damage be enhanced and at least trebled, such damages including but not limited to money spent for corrective advertising and those damages available under at least 15 U.S.C. § 1117 and Texas C.P.R.C., § 41.003, including court costs, expenses, enhanced damages, and attorney's fees;

F. An accounting be directed to determine PRG's profits resulting from its activities and that such profits be paid over to Plaintiffs, increased as the Court finds to be just under the circumstances of this case;

G. PRG be ordered to pay Plaintiffs its costs of this action, as well as pre-judgment interest on all amounts awarded, and post-judgment interest until paid, at the highest lawful rate;

H. Plaintiffs recover their reasonable attorney's fees from PRG;

I. Plaintiffs have such other relief as the Court deems just and equitable.

                                                    Respectfully Submitted,

                                                    CONLEY ROSE, P.C.

Date:  September 6, 2013                /s/Gregory L. Maag
                                                    Gregory L. Maag, Esq.
                                                    *Attorney-in-Charge*
                                                    Texas State Bar Number 12748500
                                                    Federal ID. No. 841
                                                    gmaag@conleyrose.com
                                                    Thomas L. Warden, Esq.
                                                    Texas State Bar Number 24004174
                                                    Federal ID. No. 47165
                                                    twarden@conleyrose.com
                                                    Josh Hopkins
                                                    TX Bar No. 00787714
                                                    jhopkins@conleyrose.com
                                                    CONLEY ROSE, P.C.
                                                    1001 McKinney St., Suite 1800
                                                    Houston, Texas 77002

                                                    Telephone: 713-238-8000
                                                    Facsimile:  713-238-8008

                                                    **ATTORNEYS FOR SHIPLEY DO-NUT FLOUR AND SUPPLY CO., INC. and SHIPLEY FRANCHISE CO.**